UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ATHENS BAKING COMPANY, INC., <br><br> Plaintiff, <br><br> v. <br><br> TRANSFORMING TALENT, INC., et al., <br><br> Defendants. | Case No. 16-cv-06956-HSG <br><br> **ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND REMANDING CASE TO STATE COURT FOR LACK OF SUBJECT MATTER JURISDICTION** <br><br> Re: Dkt. No. 10 |

Pending before the Court is Plaintiff Athens Baking Company, Inc.'s ("Plaintiff") Motion to Remand. Dkt. No. 10 ("Mot."). Plaintiff contends that the Court lacks federal subject matter jurisdiction over this action based in diversity because the amount in controversy does not exceed $75,000. *Id.* at 1. Defendants Transforming Talent, Inc. and Tracy Ring ("Defendants") oppose the motion. Dkt. No. 11. Pursuant to Civil Local Rule 7-1(b) and Federal Rule of Civil Procedure 78(b), this motion was deemed suitable for disposition without oral argument. Dkt No. 14. Having carefully considered the parties' written submissions, the Court **GRANTS** Plaintiff's motion to remand.

A defendant may remove a state court action to federal court on the basis of diversity of citizenship so long as there is: (1) complete diversity between the residency of the plaintiffs and the defendants; and (2) a sufficient amount in controversy. *See* 28 U.S.C. § 1441(b); *see also* 28 U.S.C. § 1332(a). Where either of those elements of diversity is lacking, federal courts must remand the action to the state court. *See id.* § 1447(c).

Diversity jurisdiction exists in actions between citizens of different states where the amount in controversy exceeds $75,000 exclusive of interest and costs. 28 U.S.C. § 1332. "In determining the amount in controversy, we consider not only the facts alleged in the complaint—which are to be taken as true for purposes of calculating the amount in controversy—but also

summary judgment type evidence relevant to the amount in controversy at the time of removal." *Campbell v. Vitran Exp., Inc.*, 471 Fed. Appx. 646, 648 (9th Cir. 2012) (*citing Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (internal quotation marks omitted)).[1] In assessing the amount in controversy, courts must "assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Id.* (internal quotation marks omitted). Courts must "strictly construe the removal statute against removal jurisdiction. Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* "If it is *unclear* what amount of damages the plaintiff has sought, . . . then the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount." *Id.* at 566-67 (emphasis in original).

Here, Plaintiff concedes that "[t]he complaint alleges damages in the amount of $70,000 under counts one and two, and restitution in the amount of $17,500 under count three." Dkt. No. 10 at 2. However, Plaintiff contends that because "count three is a common count that seeks an alternative remedy (restitution rather than damages)," the amount in controversy is less than $75,000. *See id.* at 4 (citing *Alder v. Drudis*, 30 Cal. 2d 372, 383 (1947) for the principle that "[d]amages and restitution are alternative remedies and an election to pursue one is a bar to invoking the other."). In response, Defendants argue that Plaintiff's Prayer for Relief seeks the $17,500 in restitution in addition to—rather than instead of—the $70,000 in damages, resulting in a total amount in controversy of $87,500. Dkt. No. 11 at 3. But Defendants fail to point to any proof, in the complaint or otherwise, that the counts are pled in the aggregate rather than the alternative. In fact, Defendants concede that they "do not dispute that restitution may ultimately be an alternative remedy on the breach of contract claim." *Id.* In addition, the complaint alleges that "Plaintiff has suffered damages due to the acts and omissions of defendants, and each of them, in an amount in excess of $70,000," suggesting that Plaintiff seeks a maximum recovery "in

---

[1] As an unpublished Ninth Circuit decision, *Campbell* is not precedent, but may be considered for its persuasive value. *See* Fed. R. App. P. 32.1; CTA9 Rule 36-3.

2

excess of" $70,000 for all of the causes of action it goes on to list. Dkt. No. 1 ¶ 33. Given that (1) it is, at best, "unclear what amount of damages Plaintiff has sought," (2) Defendants have not "actually prov[en] the facts to support jurisdiction, including the jurisdictional amount," and (3) "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance," *Gaus*, 980 F.2d at 566, the Court **GRANTS** Plaintiff's motion to remand for lack of subject matter jurisdiction and **REMANDS** the case to the California Superior Court for the County of Alameda, Case No. HG16836503.[2] The Clerk is directed to remand the case to the state court and close the case.

**IT IS SO ORDERED.**

Dated: 6/27/2017

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[2] Defendants' contention that Plaintiff may not rely on a post-removal declaration to stipulate that Plaintiff does not seek damages in excess of $75,000 under *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283 (1938), is unpersuasive under these circumstances. While it may be true that "[e]vents occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction," *id.* at 289-90, Plaintiff's Prayer for Relief here is, at most, ambiguous. Moreover, the declaration of Plaintiff's attorney—which qualifies as "summary judgment type evidence"—seeks only to clarify the arguable ambiguity in the complaint, rather than to reduce a clearly pled amount in controversy exceeding $75,000 in order to defeat diversity jurisdiction. *See* Dkt. No. 10 at 4, ¶ 10 (declaration of Plaintiff's attorney stating that "[t]o the extent of any uncertainty in the pleading, plaintiff, by and through its counsel, hereby stipulates that damages sought by plaintiff are not greater than $70,000, under any theory of relief."). The declaration thus further supports the Court's conclusion that Defendants have failed to meet their burden of proof as to the amount in controversy.

3